UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------x

Marc Benkert,

            Plaintiff,                                   C.A. No.:  3:23-cv-1116

     -against-                                     **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
USAlliance Federal Credit Union
d/b/a USAlliance Financial,

            Defendant(s).
------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Marc Benkert ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant USAlliance Federal Credit Union d/b/a USAlliance Financial ("USAA") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of Connecticut, County of Fairfield.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Connecticut and may be served with process upon the Corporation Service Company, its registered agent for service of process at 225 Asylum St Fl 20 Hartford, Ct 06103-1532.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Connecticut and may be served with process upon the Corporation Service Company, its registered agent for service of process at 225 Asylum Street, Fl 20, Hartford, CT 06103-1532.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Connecticut and may be served with process upon the C T Corporation System, its registered agent for service of process at 67 Burnside Ave, East Hartford, CT 06108-3408.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. USAA is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and with a business address of 159 Overland Rd., Waltham, MA 02154.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint pertains to a USAA account with account number 43416155****7883 ("Account").

18. Plaintiff opened the Account in or about November 2021.

19. Plaintiff paid the Account in full each month by way of the "bill pay" function associated with his Wells Fargo bank account.

20. On April 15, 2022, Plaintiff set up his payment as usual using his Wells Fargo bank account.

21. The check sent on April 15, 2022 had an estimated delivery date of April 22, 2022.

22. One April 27, 2022, Plaintiff received a statement showing his previous balance with interest due.

23. Plaintiff contacted USAA and was advised by a representative named Yasmin that all payments were being transferred from the old system to a new processing system and would require more time to register as paid.

24. The USAA representative advised that she was unable to do anything to rectify the lack of payment showing on Plaintiff's Account at that time.

25. Plaintiff was further advised to have patience during the switchover of the processing system and that once complete, Plaintiff's payment would be credited to his Account with no late fees or interest.

26. When Plaintiff continued to follow up with USAA and received no answers or resolution, Plaintiff sent a registered letter to USAA on May 16, 2022.

27. According to the United States Postal Service ("USPS") the letter was delivered on May 19, 2022 to USAA.

28. Plaintiff received a statement on May 29, 2022 showing additional fees and interest charges to his previously paid balance on the Account.

29. On June 2, 2022, Plaintiff received his check back from Fidelity National Information Services ("FIS") with a letter stating, "Account not processed by FIS."

30. Plaintiff continued to contact USAA to try and resolve this issue on his own.

31. He inquired about the status of his timely payment but did not receive any updates.

32. Plaintiff was not provided any answers and was given a corporate runaround to speak with different departments. None of the departments or representatives were able to help Plaintiff rectify the situation.

33. Plaintiff then filed a complaint with the Consumer Financial Protection Bureau ("CFPB").

34. CFPB referred Plaintiff to the National Credit Union Administration ("NCUA") who would be the correct organization to assist with resolution of these types of credit issues.

35. Plaintiff received a letter from USAA on December 1, 2022 that they reviewed the claim received from NCUA and acknowledged the erroneous charges and late fees and advised that they would be removed from Plaintiff's Account but Plaintiff's Account would be charged-off.

36. USAA did not update the credit reporting related to the Account.

<u>USAA Dispute and Violation</u>

37. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

38. The inaccurate information furnished by USAA and published by the Bureaus is inaccurate since the Account is listed as a charge-off with an open balance of $4,884 and late payment notations from May 2022 through the present.

39. It is materially misleading to mark Plaintiff's Account as a charge-off with late payment notations and an outstanding balance when in fact Plaintiff made a timely payment that was not credited to his Account for reasons that were beyond Plaintiff's control.

40. By marking Plaintiff's Account as a charge-off, Defendants give the false impression to potential lenders that Plaintiff missed a monthly payment due to his own lack of concern, when in fact Plaintiff paid in full as per his usual method and to the same location where all his previous payments had been mailed.

41. Equifax, Experian and Transunion all mark Plaintiff as late for May, June, July & August 2022 and list a "charge-off" notation for the Account with an open balance.

42. A charge off is considered a serious delinquency in the credit reporting world.

43. Before the inaccurate notation was listed on Plaintiff's credit report, he had a credit score of about 800.

44. After the late payment notations and charge-off notations were added to his report, his score dropped approximately 200 points, leaving Plaintiff with a score of about 600.

45. In fact, Plaintiff did not miss any payments at all.

46. Instead, USAA failed to process Plaintiff's payment due to some internal system updates and/or errors.

47. Plaintiff disputed the Account with the Bureaus with a dispute letter dated March 27, 2023.

48. In his dispute, he explained the context that erroneously caused USAA to report Plaintiff's Account as late with a charged-off notation on the Account and why the inaccurate information should be removed from his credit reports.

49. According to United Postal Service ("USPS"), the letter was delivered to Transunion on March 30, 2023.

50. On April 14, 2023 Plaintiff received a form response from Transunion stating that the Account with USAA had been "verified" as accurate.

51. According to United Postal Service ("USPS"), the letter was delivered to Equifax on April 1, 2023.

52. On April 14, 2023, Plaintiff received a form response from Equifax stating that the Account with USAA was verified and "is being reported correctly".

53. According to United Postal Service ("USPS"), the letter was delivered to Experian on March 31, 2023.

54. Plaintiff did not receive a response from Experian.

55. Upon receipt of Plaintiff's Account dispute letters from the Bureaus, USAA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

56. Had USAA done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to USAA that any delayed payment from Plaintiff was the result of USAA's own poor handling of Plaintiff's Account and not the fault of Plaintiff.

57. Despite Plaintiff's disputes that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to

substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

58. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the late payments, outstanding balance, and charge-off status were improperly listed.

59. Plaintiff applied for a Capital One credit card and received an e-mail denying him credit on May 15, 2023.

60. Plaintiff applied for a personal loan from DCU and received a letter on May 23, 2023 that due to "unpaid charge-off account" they are unable to extend him credit.

61. Plaintiff applied for a personal loan from SoFi and received a letter on May 15, 2023 stating that due to "delinquent credit obligations" and a "serious delinquency" they are unable to approve his application.

62. Plaintiff applied for a loan from Upgrade, Inc. and received a letter on May 12, 2023 that due to a "serious delinquency" they are unable to approve his application.

63. The inaccurate late payment notation and listing the Account as a charge-off was a substantial factor contributing to Plaintiff's inability to qualify for any new credit.

64. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

65. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

66. Upon receipt of the disputes of the account from the Plaintiff, USAA failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

67. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

68. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

69. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to the Bureaus)**

70. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

71. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

72. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

73. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

74. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

75. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

76. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Marc Benkert, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to the Bureaus)**

77. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

78. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

79. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

80. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

81. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

82. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marc Benkert, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to USAA)

84. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

86. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

87. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

88. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

89. USAA violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

90. As a result of the conduct, action and inaction of USAA, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

91. The conduct, action and inaction of USAA was willful, rendering USAA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

92. The Plaintiff is entitled to recover reasonable costs and attorney's fees from USAA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Marc Benkert, an individual demands judgement in his favor against USAA in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## **FOURTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to USAA)**

93. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

94. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

95. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

96. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

97. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

98. USAA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

99. After receiving the Dispute Notice from the Bureaus, USAA negligently failed to conduct its reinvestigation in good faith.

100. A reasonable investigation would require a furnisher such as USAA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

101. The conduct, action and inaction of USAA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

102. As a result of the conduct, action and inaction of USAA Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

103. The Plaintiff is entitled to recover reasonable costs and attorney's fees from USAA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Marc Benkert, an individual, demands judgement in his favor against USAA for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

104. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  August 22, 2023                                Respectfully Submitted,

/s/ *Yaakov Saks*
**Stein Saks, PLLC**
By:  Yaakov Saks
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
ysaks@steinsakslegal.com